## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ZENAIDA N. JACKSON, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 08-5884 (JAG) |
| JAMES SETH, BOGOTA POLICE STATION, | : | **ORDER** |
| Defendants. | : | **CLOSED** |

**GREENAWAY, JR., U.S.D.J.**

 This matter comes before this Court on the application to proceed in forma pauperis filed by pro se plaintiff Zenaida Jackson ("Plaintiff"). Having reviewed Plaintiff's application and the attached complaint, this Court will grant Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, ask the Clerk to file the complaint, and dismiss the complaint for failing to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

 In her complaint, Plaintiff alleges that James Seth, a police officer, conspired "with Selena Christmas putting bogus charges and unlawful arrest upon me." Plaintiff alleges that these actions, which violated her civil rights, "occurred since 2001-current."[1] She is seeking "100% restitution and maximum jail time" for Defendant.

---

[1] Although Plaintiff states the events occurred from "2001-current," the actions described in the complaint are discrete individual events which this Court cannot conclude to be ongoing conduct.

1

Reading this complaint as broadly as possible, as this Court must when addressing claims

of pro se litigants, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v. Day</u>, 969

F.2d 39, 42 (3d Cir. 1992), this Court concludes that Plaintiff intends to bring a claim pursuant to

42 U.S.C. § 1983, as well as a criminal action against Defendant.

"The statute of limitations for any Section 1983 claim is the state statute which limits

actions for personal injuries. 'In New Jersey that statute is N.J.S.A. [sic] [§] 2A:14-2, which

provides that an action for an injury to the person caused by a wrongful act, neglect, or default,

must be convened within two years of accrual of the cause of action.'" <u>Cito v. Bridgewater Twp.</u>

<u>Police Dep't</u>, 892 F.2d 23, 25 (3d Cir. 1989) (citing <u>Wilson v. Garcia</u>, 471 U.S. 261, 276 (1985)

and quoting <u>Brown v. Foley</u>, 810 F.2d 55, 56 (3d Cir. 1987)). "It is axiomatic that under federal

law, which governs the accrual of section 1983 claims, 'the limitations period begins to run from

the time when the plaintiff knows or has reason to know of the injury which is the basis of the

section 1983 action.'" <u>Montgomery v. De Simone</u>, 159 F.3d 120, 126 (3d Cir. 1998) (quoting

<u>Genty v. Resolution Trust Corp.</u>, 937 F.2d 899, 919 (3d Cir. 1991)). <u>See also</u> <u>Sameric Corp. of</u>

<u>Del., Inc. v. City of Philadelphia</u>, 142 F.3d 582, 599 (3d Cir. 1998) ("A section 1983 cause of

action accrues when the plaintiff knew or should have known of the injury upon which its action

is based.").

Since Plaintiff's cause of action accrued in 2001, the statute of limitations expired in

2003. As such, Plaintiff's complaint is untimely by approximately 5 years. Generally, under

FED. R. CIV. P. 8(c), the statute of limitations constitutes an affirmative defense. However, the

Supreme Court of the United States has observed, in connection with screening of complaints,

pursuant to 28 U.S.C. § 1915(e)(2)(B), that "[a] complaint is subject to dismissal for failure to

2

state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.  If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."  Jones v. Bock, 549 U.S. 199, 215 (2007).

"[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).  See also Diamon v. Charles, 476 U.S. 54, 64-5 (1986).  That is, Plaintiff, a private citizen, is without authority to prosecute criminal charges.  See Maine v. Taylor, 477 U.S. 131, 136-7 (1986) ("the United States and its attorneys have the sole power to prosecute criminal cases in the federal courts").

Since the complaint, on its face, clearly indicates relief pursuant to Section 1983 is barred by the statute of limitations, and Plaintiff lacks the power to prosecute a criminal case,  this Court shall dismiss the complaint, with prejudice, for failing to state a claim on which relief may be granted.

Therefore,

IT IS, this 22nd day of January, 2009,

ORDERED that the application to proceed in forma pauperis is GRANTED, pursuant to 28 U.S.C. § 1915; and it is further

ORDERED that the Clerk of the Court shall file the Complaint without prepayment of fees and security; and it is further

ORDERED that the complaint is DISMISSED, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted; and it is further

3

ORDERED that a copy of this Order be served on all parties within seven (7) days of the date of entry of this Order.

S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

4